IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIO LEBARON MELTON,

    Petitioner,

vs.                                                                                          CASE NO. 3:06cv384/RS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____ /

## ORDER

Before me are Respondent's Renewed Motion to Lift Stay in the Capital Case and Motion to Sever Cases (Doc. 31) and Petitioner's Response in Opposition (Doc. 32).

Respondent has two consolidated habeas petitions before the court. The first, 3:06cv384/RS, attacks Respondent's felony murder conviction which resulted in a life sentence ("non-capital case"). The second, 1:08cv34/RS, attacks Respondent's capital murder conviction which resulted in the death penalty ("capital case").

Petitioner filed a motion in state court raising a *Johnson v. Mississippi* claim arguing that the non-capital case was invalid and thus could not be used as an aggravator in the capital case. A stay was issued in the consolidated cases pending resolution of the state court remedies. (*See* Doc. 27). In February 2011, the Florida Supreme Court affirmed the state trial court's denial of Petitioner's *Johnson* claim. *See Melton v. State of Florida*, 55 So. 3d 1287 (Fla. 2011).

Petitioner argues that these cases should not be severed and that the stay should not be lifted for the capital case because the two cases are inextricably intertwined. However, "*Johnson* established that the basis for a claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (*citing Johnson v. United States*, 544 U.S. 295 (2005). Thus, it is inappropriate to stay the capital case until Petitioner's non-capital case is resolved. Should the non-capital case result in a favorable decision for Petitioner, he will be allowed to raise it in the capital case. *See id*. at 858(*citing Johnson*, 544 U.S. at 302) ("State court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4) so long as the petitioner exercised due diligence in seeking that order").[1]

**IT IS ORDERED**:

1. Respondent's Renewed Motion to Lift Stay in the Capital Case and Motion to Sever Cases (Doc. 31) is **GRANTED**.
2. The clerk is directed to sever the consolidated cases.
3. The stay is lifted in the capital case, 1:08cv34/RS.

**ORDERED** on October 12, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because of the similarities between the provisions governing second or successive petitions under § 2254 and second or successive motions under § 2255, precedent interpreting one of these parallel restrictions is instructive for interpreting its counterpart. *Stewart v. United States*, 646 F.3d 856, 860, n.6 (11th Cir. Ga. 2011)